UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LISA J. GILLARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 07 C 4208 |
| v. ) | |
| ) | Judge Joan B. Gottschall |
| NORTHWESTERN UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff Lisa J. Gillard has filed a Fourth Amended Complaint, and Defendant Northwestern University has moved to dismiss. The court previously dismissed Gillard's Amended Complaint, but permitted her to replead with more specificity. Because she has failed to do so, her Fourth Amended Complaint is dismissed with prejudice.

**I.     Count I**

Plaintiff seeks injunctive relief under Title II of the Civil Rights Act of 1994. She claims that she was discriminated against on account of her race "due to the disparate impact of this civil and human rights violation by denying Plaintiff a legal written justification, legal written warning, or a legal written notice of her banning from this public library with public accommodations." 4th Am. Compl. ¶ 9.

This is not a "disparate impact" case. Plaintiff was personally directed to leave the library. If race discrimination was the reason for her ouster, she was the victim of disparate *treatment*, not disparate impact discrimination. Plaintiff cites no authority for her belief that she was entitled to written notice of her ouster, and although she is *pro se* and her complaint is being interpreted generously, the court is also unable to find any such authority. Even if failing to give notice violated

some (unknown and uncited) state- or university-requirement, a failure to notify does not imply that she was therefore expelled because of her race, which must be the case to state a Title II claim. For the same reason, written notice would not have protected the defendant from liability if it had banished plaintiff from the library because of her race. Presumably, plaintiff, who is *pro se*, has heard that notice in some legal contexts is required. It is not required here, and is merely a distraction.

These irrelevant allegations having been swept aside, plaintiff is left with a claim that she was ousted or banished from the library on the basis of race discrimination in violation of Title II. In the court's order of August 25, 2008, it ruled that plaintiff may bring a Title II race discrimination case for injunctive relief (not for damages and not for gender discrimination) if she can allege an adequate factual basis for such a claim and if she has satisfied the jurisdictional prerequisites of notice to state or local authorities. Plaintiff, in her Fourth Amended Complaint, has attached what appears to be adequate notice. For purposes of the motion to dismiss, therefore, the court accepts that plaintiff has satisfied this jurisdictional requirement. However, plaintiff still fails to allege an adequate factual basis for a race discrimination claim, which she was also required to do. *See* Aug. 25, 2008 Order at 8 & n.6 (requiring allegations regarding nexus between being denied access to library and the protected basis, whether that be her disability or race).

Under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v.* Iqbal, 129 S. Ct. 1937, 1953 (2009), plaintiff must plead enough "to state a claim for relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." This means that plaintiff's claim that she was ousted from the library on account of her race must be pleaded with enough facts so that it appears plausible. Plaintiff may be convinced of the rightness of her claim, but she has not satisfied federal pleading standards unless she is able to allege

enough facts so that the court, reading her complaint, understands why she thinks defendant acted on a prohibited basis. Plaintiff here has failed to do so. She has alleged that she is African American, that she was the victim of a battery by a foreign male MEDS student and that the campus police required her to leave the library without giving her a reason. In fact, besides her legal conclusions—which the court is not to consider, *see County of McHenry v. Ins. Co. of the W.*, 438 F.3d 813, 818 (7th Cir. 2006) (court is "not obliged to accept as true legal conclusions or unsupported conclusions of fact") (quotation omitted)—plaintiff has alleged *no* factual basis for her belief that she was treated as she was because of her race.[1]

Count I is dismissed.

## II.  Count II

In Count II, plaintiff claims that she was denied the full use and enjoyment of the library "because of [defendant's] previous knowledge of her disability rights legal research claim." She again talks of "disparate impact" and the need for a written justification, both of which are, as above, irrelevant distractions.

Assuming for purposes of this order that plaintiff has adequately alleged that she has a legally cognizable disability (mental handicap that affects her reading skills),[2] discrimination on the basis of knowledge that one has been doing research into a legal claim is not prohibited by law. Plaintiff does not allege that she was banned from the library because she has poor reading skills. She alleges that she was banned from the library because defendant knew that she was doing

---

[1]The instant case is unlike an employment case, where Congress has specifically found and legislated concerning race and disability discrimination in the workplace. Not only is there no statute explicitly dealing with library discrimination, but plaintiff has alleged no relationship with defendant from which an inference of discrimination plausibly arises.

[2]It is not clear that plaintiff's disability constitutes, as it must, a substantial limitation on a major life activity. The court assumes, however, that plaintiff could prove an actionable disability.

disability rights legal research. Since both able and disabled people do disability rights legal research, doing such research does not put plaintiff in a protected class, and banning her from the library to prevent her from doing such research is not prohibited by the ADA.

It may be, reading plaintiff's *pro se* complaint with the greatest liberality, that she is attempting to allege some sort of retaliation: that defendant banned her from the library because it knew that she was attempting to assert her rights under the ADA. Since this is the only type of claim which plaintiff could possibly make in these circumstances, the court assumes that this is what she is trying to plead.

Even if the court were to assume defendant had an intent to retaliate against plaintiff because she was attempting to assert her rights under the ADA, plaintiff's Fourth Amended Complaint still fails under the standards of *Bell Atlantic v. Twombly* and *Ashcroft v. Iqbal*. A retaliation claim requires allegations that the person engaged in protected activity, suffered a reprisal, and there was a causal connection between the two. *See, e.g.*, *Squibb v. Mem. Med. Ctr.*, 497 F.3d 775, 786–87 (7th Cir. 2007) (discussing direct and indirect methods). As the court noted in its previous order, there is no evidence of any nexus between plaintiff's disability, or for that matter her protected activity, and the actions taken by defendant. The court instructed plaintiff to provide such an allegation, if she could, when she filed an amended pleading. *See* Aug. 25, 2008 Ord. 6. She has failed to do so. Nor does plaintiff allege any facts from which an inference of causation could arise. She fails even to allege a basis for defendant's knowledge of the substance of her research, although defendant's knowledge of the substance of her research is the basis for her claim. Plaintiff's conclusory allegations of causation do not satisfy the pleading standards required by the Supreme Court in *Bell Atlantic* and *Iqbal*.

Count II is dismissed.

**III.     Count III**

Plaintiff again complains that defendant had knowledge of her disability rights legal research and ejected her from the library without written notice. In this count, she attempts to state a claim under § 504 of the Rehabilitation Act. The Seventh Circuit has held that the standards applicable to the ADA are equally applicable to § 504 of the Rehabilitation Act. *See Radaszewski ex rel. Radaszewski v. Maram*, 383 F.3d 599, 607 (7th Cir. 2004).

Count III, as Counts I and II, claims in a conclusory manner without any factual basis that defendant had knowledge of her disability rights research and ejected her from the library without written notice. Even more significantly under *Bell Atlantic* and *Ashcroft v. Iqbal*, plaintiff has provided *no* factual basis for the conclusory claim that she was ejected *because* of her disability rights research. Since Northwestern's actions were illegal only if it intended somehow to punish plaintiff for her disability or for complaining of disability discrimination, plaintiff's failure to allege any facts to demonstrate the plausibility of such a theory dooms her complaint.

Count III must therefore be dismissed.

**IV.     Count IV**

In this count, plaintiff claims that defendant violated Title VI of the Civil Rights Act of 1964 "by denying Plaintiff the full use and enjoyment of the University's public library facility." Title VI forbids the use of federal funds in discriminatory programs.

Plaintiff alleges "there is a nexus between Plaintiff's rights and Defendant's adverse action due to some federal funding, a Federal Depository system, and the disparate impact of this civil and human rights violation by denying Plaintiff a legal written justification, legal written warning, or a legal written notice of her banning from a public library with public accommodations." There is nothing further stated in this count as a basis for liability.

Because of plaintiff's *pro se* status, the court will assume that she has adequately alleged that defendant receives federal funding, even though her complaint suffers from extreme vagueness and the reference to the Federal Depository system is incomprehensible. *See generally United States v. El Camino Community College Dist.,* 454 F. Supp. 825 (D.C. Cal. 1978). Even if she satisfies the federal funding requirement, however, her complaint is too vague to satisfy federal pleading standards on the issue of discrimination. As in all the counts discussed above, plaintiff fails to allege facts which make plausible her claim that the reason for defendant's action was her race, color or national origin discrimination. 42 U.S.C. § 2000d.

Count IV is dismissed.

## CONCLUSION

Plaintiff has attempted to comply with the court's previous orders. Her Fourth Amended Complaint corrects some of the more egregious problems with her prior pleadings. Despite numerous attempts to plead her case, however, she has still been unable to come forward with any factual basis for her claim that race, gender or disability discrimination motivated Northwestern's actions in banning her from the library. Such a factual basis, sufficient to make her belief that discrimination motivated Northwestern plausible, is required by the recent Supreme Court cases of *Bell Atlantic v. Twombly* and *Ashcroft v. Iqbal.*

The case is dismissed, this time with prejudice. If plaintiff believes this court is incorrect in dismissing her case, her remedy, if any, is through an appeal to the Court of Appeals for the Seventh Circuit.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: September 29, 2009